This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                                              **No. 31,888**

**MICHAEL RALPH PADILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Robert Orlik, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Defendant Michael Padilla appeals his convictions for one count of conspiracy to commit trafficking of a controlled substance (methamphetamine) and one count of criminal solicitation to commit bringing contraband into a jail, for which he was sentenced to an enhanced term of imprisonment as a habitual offender. We affirm Defendant's conspiracy conviction, reverse Defendant's solicitation conviction because it violates double jeopardy, and remand to the district court to vacate Defendant's solicitation conviction and to impose a new sentence.

**Background**

**{2}** During the jury trial, the State introduced evidence of monitored telephone calls between Defendant and Marina Lopez (Girlfriend), which were made while Defendant was in jail on unrelated charges. In these telephone calls, Defendant and Girlfriend discussed how she was supposed to obtain drugs from various sources and deliver them to a correctional officer (CO) for Defendant. Phil Caroland, a drug taskforce agent, testified that he called Girlfriend, pretended to be a CO, and they scheduled a time to meet. They met at a bank and Girlfriend gave Agent Caroland a package containing methamphetamine, marijuana, and tobacco to deliver to Defendant.

**{3}** Detective Sandy Loomis testified that the police started to monitor Defendant's telephone calls with Girlfriend because a CO informed Detective Loomis that Defendant approached him and asked him to bring drugs into the jail. Defendant

denied asking the CO identified by the police to bring him drugs into the jail, but admitted that he was "getting drugs from another CO" and even "juggling two . . . COs at the same time." When his attorney asked him to explain what he meant by "juggling between two COs," Defendant responded that he was "throwing a line out there and waiting for someone to bite. . . . They all say they are going to do this and that, but there [were] very few of them that would actually go through with it[.]" No COs testified at the trial.

{4} Defendant raises three issues on appeal: (1) his convictions for both solicitation and conspiracy violate double jeopardy, (2) the submitted jury instructions' failure to identify the "other person" allowed him to be convicted on legally inadequate grounds, and (3) he received ineffective assistance of counsel when his counsel failed to object to Detective Loomis' hearsay testimony on confrontation grounds. We agree with the parties that Defendant's criminal solicitation conviction violates double jeopardy, but for different reasons than those conceded by the State. We first discuss double jeopardy and the jury instructions because these issues are intertwined. Then we address Defendant's ineffective assistance of counsel claim.

**Double Jeopardy and Jury Instructions**

{5} As pointed out by Defendant, the submitted jury instructions required that Defendant conspired with or solicited "another person," but the "other person" was

not identified by name in the jury instructions. We recognize that the jury instructions given to the jury are consistent with the uniform jury instructions for conspiracy, UJI 14-2810 NMRA, and criminal solicitation, UJI 14-2817 NMRA. For reasons discussed later in this Opinion, as applied to Defendant's conspiracy conviction, the lack of identification of the "other person" in the submitted conspiracy jury instruction presents no problem. However, under the unusual facts of this case, the failure to identify the other person in the solicitation jury instruction presents a double jeopardy problem.

{6}     Although Defendant did not raise a double jeopardy argument below, double jeopardy claims are not subject to waiver and can be raised at any time before or after entry of a judgment. *See* NMSA 1978, § 30-1-10 (1963). Double jeopardy is a question of law, and we apply a de novo standard of review. *State v. Bernal*, 2006-NMSC-050, ¶ 6, 140 N.M. 644, 146 P.3d 289.

{7}     "Conspiracy consists of knowingly combining with another for the purpose of committing a felony within or without this state." NMSA 1978, § 30-28-2(A) (1979). The conspiracy jury instruction required the jury to find that "[D]efendant and *another person* by words or acts agreed together to commit trafficking a controlled substance[,]" and "[D]efendant and the *other person* intended to commit [t]rafficking a [c]ontrolled [s]ubstance[.]" (Emphasis added.) This jury instruction requires a

4

bilateral agreement. Thus, as required by the conspiracy jury instruction, not only did Defendant and the other person have to agree to commit trafficking, but both Defendant and the other person had to have the intent to commit trafficking. *See State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986) ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."). We consider the conspiracy jury instruction as related to Defendant's interactions with both Girlfriend and the COs.

**{8}** "[T]he test to determine the sufficiency of evidence . . . is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). The State's evidence showed that Defendant and Girlfriend concocted a plan for Girlfriend to obtain and deliver drugs to a CO and that Girlfriend followed through with this plan. The State's evidence also showed that Girlfriend met with Agent Caroland, whom she believed was the CO who was going to deliver the drugs to Defendant, and that she gave him a package containing methamphetamine, marijuana, and tobacco to be delivered to Defendant. Thus, as to Girlfriend, the evidence supported a jury determination that Defendant and Girlfriend conspired to commit trafficking a

5

controlled substance and that Girlfriend demonstrated an intent to commit trafficking a controlled substance.

{9} With respect to the named CO, while there was evidence to show that the CO made an agreement with Defendant to traffic a controlled substance, no evidence was presented that the CO had an intent to traffic a controlled substance. To the contrary, because the named CO reported Defendant to authorities, there was insufficient evidence to show that he "intended" to commit trafficking a controlled substance. Defendant also complained that the named CO "never came through" further demonstrating the CO's lack of intent. Defendant testified that he did not trust the named CO anymore and "quit messing with him." Similarly, there was no evidence presented that any unidentified CO intended to commit trafficking a controlled substance.

{10} In sum, the State's evidence was insufficient to demonstrate a bilateral agreement and a shared intent between Defendant and named or unnamed COs. Sufficient evidence was presented, however, to demonstrate that Defendant and Girlfriend agreed and intended to commit trafficking a controlled substance. Accordingly, because we presume that the jury correctly followed the conspiracy jury instruction and drew reasonable inferences from the evidence presented, we believe that the jury convicted Defendant of conspiracy based on his interactions with

Girlfriend. *See State v. Gonzales*, 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992) ("The jury is presumed to follow the court's instructions.").

{11}    We next address Defendant's conviction for criminal solicitation. *See* NMSA 1978, § 30-28-3(A) (1979) ("Except as to bona fide acts of persons authorized by law to investigate and detect the commission of offenses by others, a person is guilty of criminal solicitation if, with the intent that another person engage in conduct constituting a felony, he solicits, commands, requests, induces, employs[,] or otherwise attempts to promote or facilitate another person to engage in conduct constituting a felony within or without the state."). The jury was required to find that "[D]efendant intended that *another person* commit bringing contraband into jail" and that "[D]efendant solicited, commanded, requested, induced, or employed the other person to commit the crime[.]"  (Emphasis added.)

{12}    Evidence was presented that Defendant solicited both Girlfriend and COs to bring contraband into the jail.  At trial, Defendant admitted that he asked Girlfriend and more than one CO to bring drugs into the jail.  Problematically, because the solicitation jury instruction did not identify the other person, it is not apparent whether the jury convicted Defendant of criminal solicitation based upon his interactions with Girlfriend or, alternatively, based on his interactions with a CO.  Because it is possible that the jury convicted Defendant of solicitation and conspiracy based only upon his

7

interactions with Girlfriend, for reasons discussed later, his convictions present a double jeopardy problem.

{13}     Defendant argues, and the State concedes, that the criminal solicitation conviction violates Section 30-28-3(D).  That Section provides:

> A person is not liable for criminal solicitation when his solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the offense solicited.  When the solicitation constitutes a felony offense other than criminal solicitation, which is related to but separate from the offense solicited, the defendant is guilty of such related felony offense and not of criminal solicitation. Provided, a defendant may be prosecuted for and convicted of both the criminal solicitation as well as any other crime or crimes committed by the defendant or his accomplices or coconspirators, or the crime or crimes committed by the person solicited.

*Id.*

{14}     In *State v. Vallejos*, 2000-NMCA-075, 129 N.M. 424, 9 P.3d 668, this Court analyzed Section 30-28-3(D) "to determine whether the [L]egislature intended multiple convictions and punishments for the offenses of criminal solicitation and conspiracy to commit murder." *Vallejos*, 2000-NMCA-075, ¶ 24.  We concluded that a separate adjudication of guilt as to criminal solicitation violates Section 30-28-3(D) and double jeopardy when a defendant is charged with both criminal solicitation and conspiracy stemming from the same conduct. *See Vallejos*, 2000-NMCA-075, ¶¶ 21-22, 28.   We further concluded that "double jeopardy resulting from multiple convictions for the same offense is not cured by the merger of the offenses for

8

sentencing purposes." *Id.* ¶ 27. *Vallejos* and Section 30-28-3(D) dictate that if the jury convicted Defendant of both conspiracy and criminal solicitation based upon his interactions with Girlfriend, then he was guilty of conspiracy, but not criminal solicitation. *See Vallejos*, 2000-NMCA-075, ¶ 28 (vacating the defendant's conviction for criminal solicitation because it violated double jeopardy). The fact that the district court gave Defendant concurrent sentences does not cure this double jeopardy violation. *Id.* ¶ 27.

**{15}** If Defendant's criminal solicitation conviction was premised on his interaction with a CO, there is no double jeopardy violation because there was no accompanying conspiracy with a CO for which the criminal solicitation statute would require merger into one conspiracy conviction. *See id.* ¶ 28. If, however, Defendant's solicitation conviction was premised on Defendant's interaction with Girlfriend, then there was a double jeopardy violation because, as discussed, Defendant's conspiracy conviction was necessarily premised on his interaction with Girlfriend. In the latter scenario, Defendant's criminal solicitation conviction must merge into one conspiracy conviction.

**{16}** Because we do not know which alternative facts the jury relied upon to convict Defendant of criminal solicitation—Defendant's interactions with Girlfriend or his interactions with a CO—we conclude that Defendant's convictions for conspiracy and

solicitation subject him to double jeopardy. *See generally State v. Foster*, 1999-NMSC-007, ¶ 27, 126 N.M. 646, 974 P.2d 140 (holding that a general verdict cannot be upheld if one of the alternative theories for conviction subjects a defendant to double jeopardy), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683; *see also State v. Olguin*, 120 N.M. 740, 740-41, 906 P.2d 731, 731-32 (1995) (holding that due process does not require a general verdict of guilt to be set aside as long as one of the alternative bases for conviction is supported by sufficient evidence and the other theories are not legally inadequate). Accordingly, we reverse Defendant's conviction for criminal solicitation. *See State v. Gonzales*, 2007-NMSC-059, ¶ 10, 143 N.M. 25, 172 P.3d 162 ("If double jeopardy is violated, we must vacate the conviction for the lesser offense.").

{17} We lastly note that Defendant argued on appeal that his convictions for solicitation and conspiracy violate double jeopardy under both the federal and state constitutions. Because Defendant is entitled to relief under the federal constitution, we do not need to address his claims under the state constitution. *See State v. Cardenas-Alvarez*, 2001-NMSC-017, ¶ 7, 130 N.M. 386, 25 P.3d 225 ("If the federal [c]onstitution affords [the d]efendant the protection he seeks, we will not examine his state constitutional claim.").

**Ineffective Assistance of Counsel**

10

**{18}** Defendant argues that his trial counsel was ineffective because he failed to secure Defendant's right to confront the named CO. He claims that the State needed that CO to testify to establish that Defendant either solicited the CO to bring drugs into the jail or, alternatively, to show that Defendant and the CO conspired to commit trafficking by distribution.

**{19}** "For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel[] and then show that the error resulted in prejudice." *Bernal*, 2006-NMSC-050, ¶ 32. "Failure to prove either prong of the test defeats a claim of ineffective assistance of counsel." *State v. Reyes*, 2002-NMSC-024, ¶ 48, 132 N.M. 576, 52 P.3d 948, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. "We review claims of ineffective assistance of counsel de novo." *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057.

**{20}** Defendant cannot demonstrate prejudice in this case. The confrontation issue he raises is premised on Defendant's interaction with the CO. The only conviction that we are affirming, however, stems from Defendant's interactions with Girlfriend. Accordingly, there is no prejudice.

**Conclusion**

11

{21} For the foregoing reasons, we affirm Defendant's conviction for conspiracy to commit trafficking by distribution, reverse Defendant's criminal solicitation conviction, and remand this case to the district court to vacate the solicitation conviction.

{22} **IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**MICHAEL E. VIGIL, Judge**