**Certiorari Granted, No. 31,510, March 13, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-028**

**Filing Date: December 18, 2008**

**Docket No.  27,704**

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellant,**

**v.**

**PHILLIP SMITH,**

     **Defendant-Appellee.**


**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**


Gary K. King, Attorney General
Santa Fe, NM

James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**ALARID, Judge.**

**{1}**     This case arises from a pretrial district court dismissal of a count of manufacturing

1

child pornography under NMSA 1978, Section 30-6A-3(D) (2001, prior to 2007 amendment). The sole issue in this case is whether the facts alleged by the State in pretrial proceedings, if proven, would be sufficient to constitute manufacturing under Section 30-6A-3(D).

**{2}** The State's main argument is that the district court's dismissal of the manufacturing count is contrary to express definitions and plain language of the Sexual Exploitation of Children Act (the Act). We agree the dismissal was contrary to the express language of the statute and reverse the district court. We hold that the copying of digital images to a portable storage device creates a new digital copy of the prohibited image sufficient to constitute manufacturing under the definition of manufacturing found in NMSA 1978, Section 30-6A-2(D) (2001).

## FACTUAL BACKGROUND

**{3}** Defendant downloaded pornographic images of children and infants while using a computer at his place of employment. He then allegedly transferred some of these images to his home computer with the use of a portable drive (hereinafter "flash drive"). Defendant allegedly admitted to having as many as 300 child pornographic images on various computers, a compact disc, and his flash drive.

**{4}** The State charged Defendant with one count of sexual exploitation of children by manufacturing and twelve counts of sexual exploitation of children by possession, in violation of Section 30-6A-3(A) and (D). Defendant filed a pretrial motion to dismiss the manufacturing count, alleging Defendant's copying of digital images from the Internet onto a flash drive failed to satisfy the definition of manufacturing found in Section 30-6A-2(D). The State filed a corrected criminal information, clarifying that the charge of manufacturing was based on Defendant's copying the digital images from his computer to compact discs and a flash drive, not on Defendant's original downloading of the images from the Internet.

**{5}** At the conclusion of a hearing on the motion to dismiss, the district court granted the defense motion to dismiss. Defendant then entered a plea of guilty to three counts of possession of child pornography contrary to Section 30-6A-3(A). The State appeals only the district court's dismissal of the manufacturing charge.

## PROCEDURAL HISTORY AND STANDARD OF REVIEW

**{6}** As a beginning matter, Rule 5-601(B) NMRA permits the district court to determine purely legal questions, including whether the State's factual allegations satisfy the definition of the crime charged. *State v. Myers*, 2008-NMCA-047, ¶ 8, 143 N.M. 710, 181 P.3d 702, *cert. granted*, 2008-NMCERT- 004, 144 N.M. 48, 183 P.3d 933; *State v. Foulenfont*, 119 N.M. 788, 789-790, 895 P.2d 1329, 1330-31 (Ct. App. 1995). The district court's authority to make such a determination is limited; the district court may not usurp the jury's fact-

finding function. *See, e.g.*, *State v. Mares*, 92 N.M. 687, 689, 594 P.2d 347, 349 (Ct. App. 1979). The State only requires probable cause of a defendant's commission of a criminal act to bring the defendant to trial, *State v. Masters*, 99 N.M. 58, 60, 653 P.2d 889, 891 (Ct. App. 1982); we strive to maintain the jury as the fact-finding body in felony cases. *Mares*, 92 N.M. at 689, 594 P.2d at 349.

**{7}** Thus, we give the benefit of the doubt to the State in a pretrial motion to dismiss. A defendant's pretrial motion to dismiss cannot contradict allegations of fact supported by probable cause; to do so would raise a factual issue for the jury to decide. *See, e.g.*, *State v. Rendleman*, 2003-NMCA-150, ¶ 26, 134 N.M. 744, 82 P.3d 554. The question is therefore whether the factual allegations of the State, if proven, could constitute the crime under the statute charged. *See Foulenfont*, 119 N.M. at 790, 895 P.2d at 1331.

**{8}** As to our standard of review, this case presents a question of statutory interpretation. "Statutory interpretation is 'a question' of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. "Our primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "We look first to the words chosen by the Legislature and the plain meaning of the Legislature's language. When the language in a statute is clear and unambiguous, we give effect to that language and refrain from further statutory interpretation." *Duhon*, 2005-NMCA-120, ¶ 10 (internal quotation marks and citation omitted).

## THE STATUTORY SCHEME SUPPORTS A COUNT OF MANUFACTURING

**{9}** Here, Defendant argues that the State's allegations could not constitute manufacturing as that term is used in the Act. Section 30-6A-3(D) reads:

> It is unlawful for a person to intentionally manufacture any obscene visual or print medium depicting any prohibited sexual act or simulation of such an act if one or more of the participants in that act is a child under eighteen years of age. A person who violates the provisions of this subsection is guilty of a second degree felony.

Section 30-6A-2(D) defines manufacturing, explaining:

> "manufacture" means the production, processing, copying by any means, printing, packaging or repackaging of any visual or print medium depicting any prohibited sexual act or simulation of such an act if one or more of the participants in that act is a child under eighteen years of age[.]

**{10}** Defendant urges us to reject a formalistic and mechanical statutory construction in favor of a reading that would distinguish Defendant's actions from those individuals who not

3

only copy pictures, but who actually photograph children. Defendant asks us to ascertain the Legislature's intent from looking at the entire statute, paying special attention to the sentencing scheme. On the other hand, the State argues that Defendant's behavior falls within both the express definition of the statute and its plain meaning. The State further argues the district court's dismissal conflicts with the purposes of the Act. Both parties rely heavily on case law from other jurisdictions.

**{11}** We decline to adopt Defendant's reasoning or to examine case law from other jurisdictions. Nor need we address the State's argument regarding the purposes of the Act. Instead, this case only requires us to look to the express definition of manufacture contained in the statute and New Mexico law.

**{12}** While it is true that statutes defining criminal conduct are strictly construed, *Santillanes v. State*, 115 N.M. 215, 221, 849 P.2d 358, 364 (1993), "[i]f the language of the statute is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. McWhorter*, 2005-NMCA-133, ¶ 5, 138 N.M. 580, 124 P.3d 215. Our primary purpose is to determine the intent of the Legislature. *Torres*, 2006-NMCA-106, ¶ 8. Generally, the primary indicator of the Legislature's intent is the plain language of the statute. *See id.*

**{13}** However, where a statute specifically defines a term, we interpret the statute according to those definitions, because those definitions reflect legislative intent. *See, e.g.*, *State of N.M. ex rel. Gaming Control Bd. v. Ten (10) Gaming Devices*, 2005-NMCA-117, ¶ 6, 138 N.M. 426, 120 P.3d 848; *see also State v. Frazier*, 2007-NMSC-032, ¶ 23, 142 N.M. 120, 164 P.3d 1 (examining the specificity of a definition for a term contained in a criminal statute). Here, the Legislature specifically included a definition for the term manufacture. The definition is broad; it includes any acts of "production, processing, copying by any means, printing, packaging or repackaging" the illegal images. Section 30-6A-2(D).

**{14}** The district court's findings fail to address the correct question. It found "that the act of downloading an image from the Internet onto a computer's internal hard drive, an external hard drive, or a compact disc is not 'copying' . . . for purpose[s] of manufacturing as prohibited by Section 30-6A-2(D)." The district court further found "the Legislature did not intend to include the downloading of an image from the Internet onto a single compact disc when they enacted Section 30-6A-2(D) and Section 30-6A-3(D)." These findings ignore the State's allegations; the State's argument is not based on Defendant's downloading information from the Internet, but rather on his alleged copying the information from a computer to an external drive to another computer.

**{15}** "[C]opying by any means" is specifically included within the statutory definition of manufacture under Section 30-6A-2(D). The State appears to have had probable cause to believe Defendant had engaged in the copying of child pornographic images at least to an external drive. According to the officer's affidavit, Defendant admitted that he had

pornographic images of children on his flash drive and compact disc. He further allegedly admitted to using the flash drive to transfer the images from one computer to another. The State also provided an expert at the hearing on the motion to dismiss who testified that external drives can be used to transfer copies of images from one computer to another. Since we assume these facts to be true on a pretrial motion to dismiss, we assume Defendant copied pornographic images of children onto his flash drive and compact disc to transfer to another computer. We hold this copying of images to an external drive constitutes manufacturing for purposes of Section 30-6A-3(D).

**{16}** Defendant cautions us that such an interpretation creates an absurdity; the act of putting child pornography onto an external drive is punished the same as the act of making a photograph or film of a child. He further argues that the statute is violative of due process because "men of ordinary intelligence must guess at its meaning." *State v. Owens*, 103 N.M. 121, 124, 703 P.2d 898, 901 (Ct. App. 1984). We see no absurdity. Nor do we hold it is violative of Defendant's due process rights.

**{17}** Contrary to Defendant's assertions, if the State's allegations are true, Defendant did more than possess pornographic images; he made a transportable, shareable copy of the images. Many courts have noted children are not only harmed by the filming of the act, but also by the record of the act itself. *See, e.g.*, *Osborne v. Ohio*, 495 U.S. 103, 111 (1990) (stating that when a child's abuse is recorded, the continued existence of the record causes the victim continuing harm by haunting the children in years to come); *United States v. Lebovitz*, 401 F.3d 1263, 1271 (11th Cir. 2005) (reiterating that the distribution of child pornography through the use of computers is particularly harmful because it can reach an almost limitless audience); *United States v. Norris*, 159 F.3d 926, 929-30 (5th Cir. 1998) (explaining that the distribution and reproduction of pornographic images of children furthers the harm to the child because a permanent record is created and continues to haunt the child for years to come). Furthermore, when a defendant copies the pornographic image to an external drive, he not only creates yet another record of the prohibited act, but he also places it into a format that is easily transferrable to many computers. We see no absurdity in the Legislature treating this duplication as manufacturing or in providing stiffer penalties for digital copying than viewing.

**{18}** Moreover, Defendant's due process argument also fails. There is a strong presumption of constitutionality underlying legislative enactments and defendants must prove a statute unconstitutional beyond all reasonable doubt. *State v. Duran*, 1998-NMCA-153, ¶ 31, 126 N.M. 60, 966 P.2d 768. We disagree that ordinary men must "guess" at this statute's meaning; the statute specifically defines "copying by any means" as manufacturing. Section 30-6A-2(D).

**{19}** We are also unpersuaded by Defendant's final two arguments that we must rely on the rule of lenity and that the definition cannot apply to Defendant's actions because it was written in 1984. As to the first argument, the rule of lenity applies where there is

"insurmountable ambiguity" in the statute. *State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994). No such ambiguity exists in either Section 30-6A-2(D) or -3(D) with regard to the issue presented in this case. Instead, the Legislature specifically defined the term manufacture and we rely on its express definition.

**{20}** We further disagree with the suggestion that the Legislature's definition cannot be read to apply to digital images because it was written in 1984 before digital images were common. As the State has suggested, an individual who copies an image on a Xerox machine could also be charged with manufacturing under this definition. We see no significant difference between a digital copy and a Xerox copy. Moreover, the Legislature had ample opportunity to revise its definitions when it amended the Act in 2001. It chose not to do so.

## CONCLUSION

**{21}** We reverse the district court's order of dismissal on the basis that the Legislature specifically included "copying by any means" in the definition found in Section 30-6A-2(D). The copying of images to an external drive is thus sufficient to constitute manufacturing under the definition drafted by the Legislature. We remand to the district court for proceedings in accordance with this opinion.

**{22}  IT IS SO ORDERED.**

_____

**A. JOSEPH ALARID, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**CELIA FOY CASTILLO, Judge**

**Topic Index for *State v. Smith,* No. 27,704**

**CL**        **Criminal Law**
CL-SX        Sexual Offences

**CA**        **Criminal Procedure**
CA-DC        Dismissal of Charges
CA-DU        Due Process

**ST**        **Statutes**
ST-RC      Rules of Construction
ST-IP       Interpretation