**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number:   2014-NMCA-059**

**Filing Date: March 19, 2014**

**Docket No. 32,512**

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellee,**

**v.**

**WYATT EARP,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**William H. Brogan, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Overstreet & Associates, P.C.
S. Thomas Overstreet
Alamogordo, NM

for Appellant

## OPINION

**ZAMORA, Judge.**

**{1}**   Wyatt Earp (Defendant) appeals his convictions for criminal damage to property pursuant to NMSA 1978, Section 30-15-1 (1963), and for embezzlement pursuant to NMSA 1978, Section 30-16-8 (2007). He raises several issues relating to the jury instructions, evidentiary matters, sufficiency of the evidence, and damages.  In this case, the dispositive issue is whether Defendant, as an equitable owner in a residential property, can be criminally charged with embezzling or damaging that property. We hold that he cannot be charged with those property crimes and reverse.

1

**BACKGROUND**

**{2}** In July 2006, Defendant purchased a home from Robert Carter (Seller) pursuant to a real estate contract. The terms of the contract provided for a down payment, monthly payments, and payment of the remaining balance in August 2009. When Defendant failed to pay the balance, Seller elected to terminate the contract. Prior to vacating the property, Defendant removed a number of appliances and fixtures from the home and left the home in a state of disrepair. Defendant was subsequently convicted of embezzlement and criminal damage to property.

**DISCUSSION**

**{3}** This case presents us with the novel question of whether a person who is purchasing a home under a real estate contract, but has not completed his obligations under the contract, can be charged with embezzlement and criminal damage to property for removing appliances and other fixtures from the home upon the seller's termination of the contract.

**Standard of Review**

**{4}** The parties' arguments primarily implicate questions of statutory interpretation. "Statutory interpretation is a question of law, which we review de novo." *State v. Smith*, 2009-NMCA-028, ¶ 8, 145 N.M. 757, 204 P.3d 1267 (internal quotation marks and citation omitted). "Our primary goal when interpreting a statute is to give effect to the Legislature's intent, which is determined by looking at the plain language used in the statute, as well as the purpose of the underlying statute." *State v. Parrish*, 2013-NMCA-066, ¶ 6, 304 P.3d 730, *cert. denied*, 2013-NMCERT-004, 301 P.3d 858.

**Equitable Ownership of Property**

**{5}** Our threshold question is whether Defendant had an ownership interest in the subject residential property. "Criminal damage to property consists of intentionally damaging any real or personal property of another without the consent of the owner of the property." Section 30-15-1. Likewise, the crime of embezzlement "consists of a person embezzling or converting to the person's own use anything of value, with which the person has been entrusted, with fraudulent intent to deprive the owner thereof." Section 30-16-8(A). The State contends that Defendant's prosecution under both statutes was proper because the property he removed or damaged was not his own. We disagree.

**{6}** It has long been established by New Mexico courts that, under a real estate contract, a purchaser acquires an equitable interest in the property and is treated as the owner of the land. "In New Mexico[,] the rule is that a [purchaser], under an executory contract for the sale of realty, acquires an equitable interest in the property. By application of the doctrine of equitable conversion, the [purchaser] is treated as the owner of the land and holds an interest in real estate." *Marks v. City of Tucumcari*, 1979-NMSC-045, ¶ 5, 93 N.M. 4, 595

P.2d 1199; *see MGIC Mortg. Corp. v. Bowen*, 1977-NMSC-108, ¶¶ 4-6, 91 N.M. 200, 572 P.2d 547 (recognizing that a purchaser, under a real estate contract, holds an equitable interest); *Gregg v. Gardner*, 1963-NMSC-223, ¶ 31, 73 N.M. 347, 388 P.2d 68 ("It is equally clear from our decisions that in equity a contract for sale of real estate results in the purchaser acquiring an equitable interest in the land which he may devise by will[.]"); *Mesich v. Bd. of Cnty. Comm'rs of McKinley Cnty.*, 1942-NMSC-054, ¶ 16, 46 N.M. 412, 129 P.2d 974 ("In law the effect of a contract whereby the owner agrees to sell and another agrees to purchase a designated tract of land, the vendor remains the owner of the legal title to the land . . . [b]ut, in equity the [purchaser] is held to have acquired the property . . . [and] is looked upon and treated as the owner of the land and the equitable estate thereof as having vested in him.").

**{7}**     In *Marks*, and within the context of property tax, our Supreme Court examined property interests under executory contracts for the sale of real estate or real estate contracts. In New Mexico, the rule is that a purchaser, under a real estate contract, acquires an "equitable interest in the property" and "[b]y application of the doctrine of equitable conversion, the [purchaser] is treated as the owner of the land and holds an interest in [the] real estate." 1979-NMSC-045; *see* NMSA 1978, § 7-35-2(G) (1994) (defining an "owner" as a "person in whom is vested any title to property"). Because a purchaser under a real estate contract holds equitable title and because the Property Tax Code defines "owner" as the holder of *any* title, the purchaser under a real estate contract is an "owner" under the Code. Section 7-35-2(G)

**{8}**     More recently, this Court has held that a purchaser holding equitable title to property can be characterized as owning that property. *Santa Fe Cnty. Bd. of Cnty. Comm'rs v. Town of Edgewood*, 2004-NMCA-111, ¶ 5, 136 N.M. 301, 97 P.3d 633 (stating that in the context of a statute regarding annexation, "the plain meaning of 'owning land' is to have *equitable or* legal fee title ownership of real estate" (emphasis added)).

**{9}**     In this case, Defendant held equitable title to the property by virtue of the real estate contract. Defendant's ownership interest is also evidenced by specific provisions of the contract that (1) allow Defendant to take and retain possession of the property; (2) require Defendant to keep the property insured "for the benefit of [Defendant] and Seller"; (3) require Defendant to pay the property tax; and (4) grant Defendant conditional rights to sell or assign his interest in the property. Accordingly, Defendant can be characterized as owning the property at issue.

**{10}**     Having established that Defendant had an equitable ownership interest in the property he is accused of criminally damaging, we turn now to the question of whether he can be charged under Section 30-15-1 and Section 30-16-8 for damaging or removing property in which he had such an interest.

**Criminal Damage to Property**

**{11}**     Criminal damage to property consists of "intentionally damaging any real or personal property of another without the consent of the owner of the property." Section 30-15-1. "The criminal damage to property statute . . . is founded in the common law, and at common law, the crime could not be committed if the perpetrator was one of the owners of the property. We presume the [L]egislature adopted the common law meaning in enacting the statute." *State v. Powels*, 2003-NMCA-090, ¶ 18, 134 N.M. 118, 73 P.3d 256 (Wechsler, J., specially concurring). "It stretches the plain, unambiguous wording of Section 30-15-1" to allow for prosecution for damage to "property which a person owns." *Powels*, 2003-NMCA-090, ¶ 12. Where ambiguity exists in the statute, "we are required to construe that ambiguity strictly against the [s]tate, because it is also the common law in New Mexico that penal statutes must be resolved in favor of lenity." *Id.* Accordingly, we conclude that Section 30-15-1 does not apply to property in which Defendant has an equitable ownership interest.

**{12}**     To the extent that the State argues that "property of another" includes property in which Defendant shares an ownership interest with Seller, we disagree. "The meaning of 'property of another' has been expanded by statute in other states to include a greater number of owners and possessors than at common law[,]" however, "[t]here has been no such statutory modification in Section 30-15-1. On the contrary, the statute continues to adhere to the common law concept by requiring that the damage to the property be 'without the consent of *the owner* of the property.' " *Powels*, 2003-NMCA-090, ¶ 8 (citation omitted). It does not include property in which Defendant has an ownership interest.

**Embezzlement**

**{13}**     The crime of embezzlement was not recognized in common law but was statutorily created because common law larceny required a taking and therefore did not allow for prosecution of a person who was lawfully in possession of property of another. *State v. Green*, 1993-NMSC-056, ¶ 6, 116 N.M. 273, 861 P.2d 954. Initially, English embezzlement statutes allowed "persons, such as bank employees and store clerks, who might have lawful possession of the property of another . . . to be convicted of embezzlement if they fraudulently converted the property in their lawful possession to their own use." *Id.* The early New Mexico embezzlement statute (1882 N.M. Laws, ch. LII, § 22) was similar to the English statutes, however, it "added 'agent' to the list of persons (servants, clerks, and employees) who could be held accountable under the statute." *Green*, 1993-NMSC-056, ¶ 7.

**{14}**     "Later versions of our embezzlement statute . . . , replaced the list of the types of persons who would be held accountable under the statute with the phrase similar to 'a person in lawful possession of the property of another' or to 'a person entrusted with the property of another.' " *Id.* (citation omitted). The current version of our embezzlement statute states in relevant part: "Embezzlement consists of a person embezzling or converting to the person's own use anything of value, with which the person has been entrusted, with fraudulent intent to deprive the owner thereof." Section 30-16-8(A).

4

**{15}** Because embezzlement necessarily requires the conversion of the property of another, "[a] defendant cannot be guilty of embezzlement with respect to property owned jointly by him, or in which he has an interest[.]" 3 Wharton's Criminal Law § 407 (15th ed.) (footnotes omitted); *see also* Wayne R. LaFave 3 Subst. Crim. L. § 19.6 (2d ed.) ("[I]f one co-owner in possession of the jointly-owned property misappropriates the whole of such property for his own bad purposes, . . . cases generally hold that there is no embezzlement." (footnote omitted)).

**{16}** In other contexts, courts have held that a person with an equitable interest in property cannot be convicted of embezzling such property because it is not solely the property of another. *See People v. Person*, 658 N.Y.S.2d 372, 373 (App. Div. 1997) ("Because the defendant had an equitable interest in the items he was charged with damaging or stealing, he could not be charged with these crimes[.] Therefore, the defendant's convictions of criminal mischief in the fourth degree (two counts) and petit larceny must be reversed, those counts of the indictment dismissed, and the sentences imposed thereon vacated." (citations omitted)). Similarly, here, we conclude that Section 30-16-8, like Section 30-15-1, does not apply to property in which Defendant has an equitable interest.

**CONCLUSION**

**{17}** For the foregoing reasons, we reverse Defendant's convictions for criminal damage to property and embezzlement. We need not address Defendant's remaining arguments.

**{18}  IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**

**Topic Index for *State v. Earp*, No. 32,512**

**APPEAL AND ERROR**
Standard of Review

**CRIMINAL LAW**
Embezzlement

Property Damage

**PROPERTY**
Real Estate Contract

**STATUTES**
Interpretation