CHÁVEZ, Justice (dissenting). {49} Because I conclude that the unit of prosecution for possession of child pornography in the Sexual Exploitation of Children Act, NMSA 1978, §§ 30-6A-1 to -4 (1984, as amended through 2007) (the Act), is ascertainable by reference to the language and purposes of the Act, I respectfully dissent. {50} It is not unusual for the Legislature to use general language when defining a crime. General language is to be expected because legislation is often written to balance competing policy interests. It may also be desirable for the Legislature to elect to use language that is general or imprecise to accommodate the uncertainty of future application of a statute, while using language specific enough to guide courts in a particular direction. Countless published and unpublished appellate opinions discuss the approach to interpreting general language in a statute with the court’s ultimate goal being to determine the intent of the Legislature. Rules of statutory construction, provided both by the Legislature in the Uniform Statute and Rule Construction Act, seeNMSA 1978, § 12-2A-1 to -20 (1997), and by the New Mexico courts in case law, assist us in our search for legislative intent. In a general sense, courts ask “What would a reasonable legislator have intended the statute to mean, considering the language, history, and purposes of the statute?” After courts hypothesize legislative intent, they must explore the consequences of that interpretation to determine whether the consequences advance or hinder the intent of the legislation, choosing the interpretation that advances the legislative intent.[1] This approach offers the assurance that courts are attempting to further the intent of the Legislature and not the policies of the courts. {51} A court’s analysis is no different when it is determining the unit of prosecution in a criminal statute. In this case, the question is “What would a reasonable legislator have intended the unit of prosecution to be for possession of child pornography under the Act, considering the language, history, and purposes of the legislation?” If reasonable doubt persists regarding the intended unit of prosecution, the rule of lenity requires courts to interpret the unit to be a single transaction and not multiple offenses. Herron v. State, 1991-NMSC-012, ¶ 14, 111 N.M. 357, 805 P.2d 624. {52} Section 30-6A-3(A) provides, in relevant part: It is unlawful for a person to intentionally possess any obscene visual or print medium depicting any prohibited sexual act or simulation of such an act if that person knows or has reason to know that the obscene medium depicts any prohibited sexual act or simulation of such act and if that person knows or has reason to know that one or more of the participants in that act is a child under eighteen years of age. {53} I conclude that the Legislature intended the unit ofprosecution for possession of child pornography to be based on the number of different children depicted participating in distinct prohibited sexual acts as defined in Section 30-6A-2(A), or the same child or children participating in distinct prohibited sexual acts. I am persuaded that this is the unit of prosecution intended by the Legislature because of the language in the statute that requires proof that the possessor knew or should have known that the obscene medium depicts a prohibited sexual act or simulation of such act — -one of the five acts defined in Section 30-6A-2(A)(l)-(5) — and that the possessor knew or should have known that one or more of the participants in that act is a child under eighteen years of age. Thus, the medium is the set with the subset including a prohibited sexual act and the defendant’s required knowledge that at least one of the participants in the prohibited sexual act is a child. {54} The purpose of the Act is also instructive. I agree with the majority that possession of a medium depicting child pornography is not a victimless crime. See majority op. ¶¶ 24, 27. The very purpose of the Act is to protect against the sexual exploitation of children. As we recently stated in State v. Myers, 2009-NMSC-016, ¶ 17,146 N.M. 128, 207 P.3d 1105, “Child pornography is particularly harmful because the child’s actions are reduced to a recording which could haunt the child in future years, especially in light of the mass distribution system for child pornography.” (Internal quotation marks and citations omitted.) The Act recognizes that manufacturing and distribution of child pornography is harmful to the child or children who are the subjects of the pornography, but the mere possession or control of child pornography results in continuing victimization because such material is a permanent record of an act or acts of sexual abuse of a child. Each time such material is shown or viewed, the child is harmed. The language of the Act evinces legislative awareness that a law banning the manufacturing and distribution of child pornography is insufficient to stop continuing harm to the child. Therefore, the Legislature deemed it necessary to proscribe the possession of any child pornography for the protection of the privacy and health of the individual children whose sex abuse has been captured in a visual or print medium. {55} In my reading of the statute, if the defendant possesses a medium depicting the same child participating in the same prohibited sexual act, i.e., masturbation, the unit of prosecution permits only one count. If the defendant possesses a medium depicting the same child participating in two distinct prohibited sexual acts, i.e., sexual intercourse in some images and masturbation in the other images, the unit of prosecution permits two counts of possession. If the defendant possesses a medium of three children separately engaged in the same type of prohibited sexual act, the unit of prosecution permits three counts because there are three different victims depicted separately. The Legislature, also intended that courts treat as a continuous transaction a medium depicting one or more children performing the same prohibited sexual act. Thus, if a defendant possesses a medium containing multiple images of a group of children engaged in the same prohibited sexual act, the unit of prosecution only permits one count. If the medium possessed by the defendant includes an image of a different group of children, the unit of prosecution permits an additional count. In my opinion, the district court in State v. Ballard correctly identified the unit of prosecution when the judge concluded that the twenty-five separately charged images each involved a different child victim and a distinct act. 2012-NMCA-043, ¶ 20, 276 P.3d 976, cert. granted, 2012-NMCERT-005. {56} I find it difficult to conclude that the Legislature did not intend multiple punishments when a defendant possesses media depicting a different child or different children engaged in distinct prohibited sexual acts. Each child who is recorded by video or still photograph(s) while participating in a prohibited sexual act is exploited at the time of his or her participation, yet each child’s victimization extends beyond the walls where they were abused when they are photographed or videotaped. The child cannot know who will look at the photographs or videotapes and for how long the photographs and videotapes will circulate. This was our concern in Myers, and the majority opinion echoes this concern in paragraph 27, which states that “ ‘pornography poses an even greater threat to the child victim than does sexual abuse or prostitution[;b]ecause the child’s actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place.’ ” (quoting David P. Shouvlin, Preventing the Sexual Exploitation of Children: A Model Act, 17 Wake Forest L. Rev. 535, 545 (1981)). {57} I recognize that modern technology, including computers, the internet, and digital cameras, contributes to a person’s ability to manufacture, distribute, and possess large quantities of child pornography. However, I am not persuaded that simply because it is now easier and faster to sexually exploit more children, the Legislature could not have intended multiple punishments in the Act when different children are engaged in distinct prohibited sexual acts, or the same child or children are depicted participating in distinct prohibited sexual acts. As I previously indicated, at times it is desirable for a legislature to use general language because it is difficult to predict what ' future circumstances might result in multiple violations of the same statute. Despite such general language, I remain confident that the language as written is intended to pyramid the punishment of a defendant who possesses media depicting different children participating in distinct prohibited sexual acts, or the same child or children participating in distinct prohibited sexual acts. {58} Interestingly, the unit of prosecution for manufacturing an obscene visual or print medium depicting child pornography is each image. Section 30-6A-3(D); State v. Leeson, 201 1-NMCA-068, ¶ 17, 149 N.M. 823, 255 P.3d 401, cert. denied, 201 1-NMCERT-005, 150 N.M. 667, 265 P.3d 718. Manufacturing includes the transfer of pornographic images of children from a computer to an external drive. State v. Smith, 2009-NMCA-028, ¶ 15, 145 N.M. 757, 204 P.3d 1267, cert. quashed, 2009-NMCERT-012, 147 N.M. 601, 227 P.3 d 91. This Court chose not to grant certiorari in Leeson and we quashed certiorari in Smith. Although our actions should not be interpreted as an official endorsement of the Leeson and Smith opinions, these cases remain good law. {59} Despite Leeson, I remain persuaded that the “reasonable legislator” did not intend each and every image or video medium to be the unit of prosecution for possession. Requiring proof that the defendant possessed the medium, when the defendant knew or should have known that the medium depicted a child or children engaged in a prohibited sexual act, is the additional element not required for manufacturing that persuades me that the unit of prosecution is different for possession. In addition, it would have been a simple matter for the Legislature to have stated that “It is unlawful for a person to intentionally possess any obscene image or video medium depicting . . . .” In the alternative, the Legislature could have simply written that “each and every image or video clip shall be deemed a separate offense” as it did in NMSA 1978, Section 57-5-8 (1933) (“Each and every picture furnished, received or exhibited in violation of any of the provisions of this act shall be deemed a separate offense.”). {60} I also conclude that the date of downloading such media cannot be the unit of prosecution because the downloading date is not reflected in the language, history, or purpose of the legislation. Majority op. ¶¶ 35, 42. Whether the defendant’s conduct is unitary depends entirely on what conduct the Legislature intended to proscribe, and the language in the statute does not divide possession based on when the medium was obtained. {61} I am also not convinced that the difference in punishment between possession of child pornography and criminal sexual contact of a minor leads to the rule of lenity. Majority op. ¶¶ 30, 43. If a defendant has criminal sexual contact with more than one minor, the defendant is punished multiple times. Each child is a victim. If a defendant has criminal sexual contact with the same minor on more than one date, or in different geographic locations, the defendant is subject to multiple punishments. State v. Salazar, 2006-NMCA-066, ¶ 30, 139 N.M. 603, 136 P.3d 1013. Therefore, the child is a victim multiple times. Indeed, application of the Herron factors, 1991-NMSC-012,f 15, could result in multiple punishments of a defendant who touches the intimate parts of a minor when the evidence supports a finding of distinct touching of more than one protected area. State v. Williams, 1986-NMCA-122, ¶ 9, 105 N.M. 214, 730 P.2d 1196. The child is considered to be a victim multiple times. {62} The consequences of the unit of prosecution that I have hypothesized is that a defendant who possesses a medium containing multiple images of different children engaged in distinct prohibited sexual acts, or the same child or children participating in distinct prohibited sexual acts, is subject to multiple convictions, which might result in an extraordinarily lengthy sentence. This consequence advances what we have interpreted to be the purpose of this legislation, which is to deter the continued victimization of a child who is the subject of child pornography. As noted by the majority in the last sentence of paragraph 29: “Instead, [prohibition of possession] draws attention to the fact that a unitary conduct analysis for possession is not likely what the Legislature intended because a defendant would have no incentive to stop downloading child pornography after the first image.” To interpret Section 30-6A-3(A) to be a continuous transaction despite different child victims and distinct acts will not have the deterrent effect intended by the Legislature. {63} I conclude that the unit of prosecution for possession of child pornography is based on the number of different child victims participating in distinct prohibited sexual acts, or the same child or children participating in distinct prohibited sexual acts. As to each child victim, possession is a continuing course of conduct if the child is depicted performing the same prohibited sexual act resulting in one unit of prosecution. Similarly, when more than one child is depicted performing the same prohibited sexual act, the Legislature treats the possession as a continuing course of conduct resulting in one unit of prosecution until a different child becomes a subject of the prohibited sexual act. {64} For the foregoing reasons, I respectfully dissent. EDWARD L. CHÁVEZ, Justice For example, courts avoid a construction that will lead to absurd results. See State v. Padilla, 1997-NMSC-022, ¶ 6, 123 N.M. 216, 937 P.2d 492.