Certiorari Denied, March 8, 2016, No. S-1-SC-35753

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2016-NMCA-032

Filing Date:  January 19, 2016

Docket No. 33,561

STATE OF NEW MEXICO,

 Plaintiff-Appellee,

v.

LEROY ERWIN,

 Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Charles W. Brown, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
Adam Greenwood, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**WECHSLER, Judge.**

**{1}** We address in this appeal the elements required to convict for the crime of criminal sexual contact of a minor under NMSA 1978, Section 30-9-13(B)(2)(a) (2003), when the perpetrator is a household member.

1

**{2}** Defendant Larry Erwin was convicted for sexually abusing his girlfriend's daughter, a person over whom he held a position of authority as a household member. He appeals, principally arguing that, although the child was a household member, the State failed to prove that he used this position of authority to coerce the child to submit to sexual contact. He alternatively argues that the evidence was insufficient to sustain his convictions because of inconsistencies in the testimony and that the district court did not properly instruct the jury because the court's elements instruction allowed the jury to convict because Defendant was a household member without finding that he was also actually in a position of authority over the child. We hold that, under the definition of "position of authority" in NMSA 1978, Section 30-9-10(E) (2005), a household member is presumed to be able to exercise undue influence over a child such that additional proof concerning a perpetrator's use or possession of such position of authority is not required. We further hold that the evidence was sufficient to support Defendant's convictions. We therefore affirm the judgment, partially suspended sentence and commitment of the district court.

## BACKGROUND

**{3}** Defendant was convicted of three counts of criminal sexual contact with a minor—one a second degree felony and the others third degree felonies. The child was thirteen years of age at the time of the incidents, which occurred between July 12, 2011 and December 30, 2011. Defendant had been the boyfriend of the child's mother. Defendant had moved into the home with the mother and her children in late 2009. By December 30, 2011, Defendant and the child's mother may no longer have been a couple, but Defendant continued to live in the home.

**{4}** The child testified that Defendant began abusing her when she was about twelve or thirteen and that the abuse entailed numerous, almost daily sexual contact and sexual acts, including intercourse. She stated that Defendant made her promise not to tell anybody and that she complied because she was afraid that Defendant would hurt her. She also testified that she did not refuse Defendant's actions because she was afraid Defendant would hurt her or her mother and that she did not want her mother "to get mad" or "to stress out about it." She believed that Defendant bought her things so that she would not tell her mother.

## SUFFICIENCY OF THE EVIDENCE

### Statutory Requirement and Position of Authority

**{5}** Defendant's main argument concerns the sufficiency of the evidence underlying his convictions; he claims that the evidence did not meet the statutory requirement that he was both a "household member" and a "person who, by reason of [his] position, [was] able to exercise undue influence over a child[.]" Section 30-9-10(E). We review this argument de novo because it raises an issue of statutory interpretation. *State v. Smith*, 2009-NMCA-028, ¶ 8, 145 N.M. 757, 204 P.3d 1267. In interpreting a statute, we seek to fulfill the legislative intent in adopting the statute. *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d

1284. The "primary indicator" of such intent is the language that the Legislature used in the statute. *See Baker v. Hedstrom*, 2013-NMSC-043, ¶ 11, 309 P.3d 1047 ("We use the plain language of the statute as the primary indicator of legislative intent." (alterations, internal quotation marks, and citation omitted)).

**{6}** Defendant was convicted of criminal sexual contact of a child thirteen to eighteen years of age under Subsections (B) and (C) of Section 30-9-13. Subsection (B), the second degree conviction, includes sexual contact of unclothed intimate parts. *Compare* § 30-9-13(B), *with* § 30-9-13(C). Both convictions, however, require that a perpetrator be "in a position of authority over the child and use[ ] that authority to coerce the child to submit[.]" Section 30-9-13(B), (C). Section 30-9-10(E) defines "position of authority" as "that position occupied by a parent, relative, household member, teacher, employer or other person who, by reason of that position, is able to exercise undue influence over a child[.]"

**{7}** Defendant's argument, therefore, requires that the language "who, by reason of that position, is able to exercise undue influence over a child" pertains to each of the types of position of authority listed in the definition. We do not believe, however, that such a reading is consistent with the apparent legislative intent.

**{8}** In Section 30-9-10(E), the Legislature has designated certain relationships with a child that represent a "position of authority." The designation contains the common relationships that generate such authority: parents, relatives, household members, teachers, and employers. Section 30-9-10(E). The statutory language further indicates that the Legislature understood that those designations were not exclusive and that it additionally intended to include other relationships in which an adult can develop an authoritative position with a child that do not fall under the designated common relationships. The Legislature thus added a catch-all designation to embrace persons who are able to exercise undue influence over a child by virtue of another, undesignated, type of relationship.

**{9}** The Legislature added this catch-all category using the disjunctive "or." As a result, a perpetrator need only fall within any of the designated relationships to hold a position of authority. *See Wilson v. Denver*, 1998-NMSC-016, ¶ 17, 125 N.M. 308, 961 P.2d 153 ("As a rule of construction, the word 'or' should be given its normal disjunctive meaning unless the context of a statute demands otherwise." (internal quotation marks and citation omitted)). But, the disjunctive joining the catch-all category does not also link the language describing the type of "other person" who also can hold a position of authority. Such a requirement would be inconsistent with the Legislature's designating the specific relationships. Indeed, if the requirement of the ability to exercise undue influence over a child by reason of a position applied to each of the designated relationships, those relationships would become surplusage to the definition. All persons, regardless of their specific relationship to a child, would have a position of authority if they can exercise undue influence over a child because of their relationship with the child. *See Whitely v. N.M. Pers. Bd.*, 1993-NMSC-019, ¶ 5, 115 N.M. 308, 850 P.2d 1011 ("No part of a statute should be construed so that it is rendered surplusage."). And, while there may in fact be rare circumstances in which a parent or

3

teacher is not able to exercise authority over a child, by listing each of the relationships in which an adult would naturally have such authority, the statute indicates the legislative intent of assuming that the expected authority exists.

**{10}** Defendant does not dispute the evidence that he was a household member. Under Section 30-9-10(E), Defendant thus held a position of authority as a household member over the child for purposes of prosecution under Section 30-9-13(B) and (C). Defendant's challenge to the sufficiency of the evidence fails in this regard.

**Inconsistencies in the Evidence**

**{11}** Defendant additionally argues that the evidence supporting his convictions was insufficient because of inconsistencies in the evidence. According to Defendant, the child and her mother testified in a conflicting manner as to details relating to the circumstances surrounding the mother's discovery of Defendant with the child, in particular with respect to the location of a blanket, the source of light on the scene, the position of the child's shorts, and the mother's possession of her cell phone.

**{12}** As Defendant acknowledges, however, "it is the role of the factfinder to judge the credibility of witnesses and determine the weight of evidence." *State v. LaPietra*, 2010-NMCA-009, ¶ 11, 147 N.M. 569, 226 P.3d 668 (alteration, internal quotation marks, and citation omitted). Moreover, the facts Defendant questions do not undermine the more specific testimony of sexual abuse that Defendant does not dispute. Under our standard of review, the inconsistencies Defendant points out do not render the evidence insufficient to support the verdicts. *State v. Ortiz-Burciaga*, 1999-NMCA-146, ¶ 22, 128 N.M. 382, 933 P.2d 96 ("It is the exclusive province of the jury to resolve factual inconsistencies in testimony." (internal quotation marks and citation omitted)).

**VALIDITY OF THE JURY INSTRUCTION**

**{13}** Defendant additionally argues that the district court improperly instructed the jury because its instruction did not require the jury to find all the elements of criminal sexual contact with a minor. This argument parallels Defendant's main argument concerning the sufficiency of the evidence by arguing that the jury instruction allowed the jury to convict without finding that he was a person in a position of authority over the child.

**{14}** Defendant did not raise this objection to the jury instruction in the district court and thus argues on appeal that the instruction given constituted fundamental error. *See* Rule 12-216(B)(2) NMRA ("This rule shall not preclude the appellate court from considering jurisdictional questions or, in its discretion, questions involving . . . fundamental error."). "[F]undamental error occurs where there has been a miscarriage of justice, the conviction shocks the conscience, or substantial justice has been denied." *State v. Cabezuela*, 2011-NMSC-041, ¶ 49, 150 N.M. 654, 265 P.3d 705 (internal quotation marks and citation omitted).

**{15}** The elements instruction given for each of the crimes of which Defendant was convicted read:

> [D]efendant was a household member or person who by reason of [D]efendant's relationship to [the child] was able to exercise undue influence over [the child] AND used this authority to coerce [the child] to submit to sexual contact[.]

Defendant argues that the instruction was in error because the "use of the 'or' in the instruction allowed a conviction for simply being a household member" without requiring the jury to additionally find that Defendant was in a position of authority over the child and used that authority to coerce the child. However, as we have held with respect to Defendant's sufficiency of the evidence argument, Section 30-9-13(B) and (C) do not require the additional finding that Defendant states that the instruction lacks.

**{16}** Nor do we agree with Defendant that the given instructions deviated from the applicable uniform jury instruction (UJI). UJI 14-926 NMRA reads:

> For you to find the defendant guilty of criminal sexual contact of a minor by use of coercion by a person in a position of authority [as charged in Count _____], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1.  The defendant
>     [touched or applied force to the [unclothed] _____ of _____ (name of victim);]
>     [OR]
>     [caused _____ (name of victim) to touch the _____ of the defendant;]
>
> 2.  The defendant was a
>     [parent] [relative] [household member] [teacher] [employer]
>     [person who by reason of the defendant's relationship to _____ (name of victim) was able to exercise undue influence over _____ (name of victim)]
>     AND used this authority to coerce _____ (name of victim) to submit to sexual contact;
>
> 3.  _____ (name of victim) was at least thirteen (13) but less than eighteen (18) years old;
>
> [4.   The defendant's act was unlawful;]
>
> 5.   This happened in New Mexico on or about the _____ day of

5

_____, _____.

(Emphasis omitted). Use Note 4 to UJI 14-926 instructs the court to "[u]se the applicable alternative" for the bracketed language in paragraph two of the instruction.

**{17}** While we agree with Defendant that UJI 14-926 does not specify the use of "or" in stating the specified relationships listed in the UJI, Use Note 4 clearly indicates that the bracketed descriptions are alternatives. An "alternative" offers "a choice of two or more things." *Webster's Third New Int'l Dictionary* 63 (2002). Like "or," it is disjunctive. *See id.* 651 (defining "disjunctive" in part as "expressing an alternative"). The court's jury instruction comports with UJI 14-926.

**CONCLUSION**

**{18}** We affirm Defendant's convictions.

**{19}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**

6