This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.                                        **NO. A-1-CA-37740**

**CHRISTIAN GARCIA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**    Defendant appeals following his conviction for voluntary manslaughter. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

**{2}**    We will begin with the motion to amend, by which Defendant seeks to raise two related issues, contending that the jury should have been instructed on self-defense and defense of habitation. [MIO 6-14] We note that Defendant did not request such

instructions. As a result, the issues are presented under the auspices of the doctrines of fundamental error and/or ineffective assistance of counsel.

**{3}** "Fundamental error occurs where there has been a miscarriage of justice, the conviction shocks the conscience, or substantial justice has been denied." *State v. Erwin*, 2016-NMCA-032, ¶ 14, 367 P.3d 905 (alteration, internal quotation marks, and citation omitted).

**{4}** To state a claim for ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient, and such deficiency resulted in prejudice. *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057. However, there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and we will not second-guess counsel's strategic judgment unless the conduct does not conform with an objective standard of reasonableness. *See id.*

**{5}** "In order to warrant jury instructions on self-defense and defense of habitation, there must be evidence to support such instructions." *State v. Gonzales*, 2007-NMSC-059, ¶ 19, 143 N.M. 25, 172 P.3d 162. "Furthermore, the evidence must support every element of the defense." *Id.*

**{6}** An instruction on self-defense requires evidence that: "(1) the defendant was put in fear by an apparent danger of immediate death or great bodily harm, (2) the killing resulted from that fear, and (3) the defendant acted reasonably." *Id.* ¶ 20 (internal quotation marks and citation omitted); *see also* UJI 14-5171 NMRA. "An instruction on defense of habitation requires evidence that: (1) the defendant believed that the commission of a felony in [the] defendant's home was immediately at hand, (2) [the] defendant believed it was necessary to kill the intruder to prevent the commission of the felony, and (3) the defendant acted reasonably." *Gonzales*, 2007-NMSC-059, ¶ 21; *see also* UJI 14-5170 NMRA.

**{7}** "When considering a defendant's requested instructions, we view the evidence in the light most favorable to the giving of the requested instructions." *State v. Swick*, 2012-NMSC-018, ¶ 60, 279 P.3d 747 (alteration, internal quotation marks, and citation omitted). Applying this standard, evidence was presented that the victim visited Defendant's property several times on the day of the fatal shooting. Initially, the victim visited Defendant's home in order to consume methamphetamine and marijuana. [MIO 3-4] Later he returned, and allegedly attempted to hotwire one of Defendant's vehicles. [MIO 4] The victim then approached the house and knocked, whereupon Defendant "fired a warning shot" at the ceiling from inside the home, and the victim left the property. [MIO 4] On the third and final visit the victim knocked on the door and allegedly pried open a window, whereupon Defendant "barricaded himself inside" in some fashion. [MIO 4] The victim then entered another of Defendant's vehicles, and was attempting to steal items situated therein. [MIO 4] It appears to have been undisputed that Defendant then fired a shot through an open window, striking the victim.

[MIO 4] The victim then got out of the vehicle, and Defendant, believing him to be "crawling" toward the house, shot him a second time. [MIO 4, 16]

{8}     Although certain details leading up to the shooting were disputed, it is clear that the victim was shot while he was outside Defendant's house, in a vehicle, and apparently unarmed. If at any point Defendant was put in fear by an appearance of immediate death or great bodily harm, we fail to see how that fear could have been present when the fatal shots were fired. Additionally, the victim was not  attempting to commit a felony inside Defendant's home at that time. As a result, the evidence appears to have been insufficient to support a self-defense or defense of habitation instruction. *See, e.g., Gonzales*, 2007-NMSC-059, ¶ 22 (arriving at a similar conclusion under analogous circumstances).

{9}     In light of the foregoing considerations, we conclude that neither the claim of fundamental error nor the claim of ineffective assistance is viable. We therefore deny the motion to amend. *See generally State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (observing that a motion to amend the docketing statement and the argument offered in support thereof must be viable, and indicating that if it is not, the motion will be denied).

{10}     Finally, we turn to the issue originally raised in the docketing statement and renewed in the memorandum in opposition, by which Defendant has challenged the sufficiency of the evidence to support the conviction. [DS 6; MIO 14] As previously described at greater length in the notice of proposed summary disposition, the State presented evidence in support of each of the elements of the offense. [CN 2-4] In his memorandum in opposition, Defendant does not dispute this; instead, he contends that the evidence should be said to have established that the shooting was justified, on either or both of the defense theories discussed above. [MIO 16] For the reasons previously stated, we disagree.

{11}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{12}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**