This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 33,106**

**AMADOR VENEGAS-DIAZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marcie E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant Amador Venegas-Diaz appeals his conviction for armed robbery on three grounds: (1) insufficient evidence existed to sustain a conviction, (2) the trial court's failure to instruct the jury regarding an affirmative defense constituted fundamental error, and (3) he received ineffective assistance of counsel. We disagree and affirm Defendant's conviction.

**BACKGROUND**

{2} On February 3, 2012, Defendant met Victim at a bar. Later that night, they returned to Defendant's residence. Victim testified that, during the course of the night and into the morning, Defendant forced her into his bedroom at gunpoint, had sexual intercourse with her against her will, emptied out her purse looking for drugs, threatened her with a gun until she surrendered cash that she had hidden in her boots, and told her not to report the incident to the police.

{3} Defendant was indicted on six counts, four of which were later brought to trial: (1) criminal sexual penetration in the second degree, NMSA 1978, § 30-9-11(E)(6) (2009); (2) armed robbery, NMSA 1978, § 30-16-2 (1973); (3) aggravated assault with a deadly weapon, NMSA 1978, § 30-3-2(A) (1963); and (4) bribery of a witness, NMSA 1978, § 30-24-3(A)(2) (1997). At trial in November, 2012, the jury acquitted Defendant of Counts 1, 5, and 6 but convicted him of armed robbery, from which he now appeals.

# DISCUSSION

## A.    Sufficient Evidence Supported Defendant's Conviction

{4}    When reviewing for sufficiency of the evidence, we determine whether "substantial evidence" exists to support a guilty verdict, considering both direct and circumstantial evidence presented at trial. *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. We examine the evidence "in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 1993-NMSC-007, ¶ 68, 115 N.M. 6, 846 P.2d 312. We cannot substitute our judgment for that of the fact-finder or reweigh the evidence in making this determination. *See Sutphin*, 1988-NMSC-031, ¶ 21. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (alteration, internal quotation marks, and citation omitted).

{5}    Defendant's conviction for armed robbery required the State to prove beyond a reasonable doubt that he stole something of value from the person or from the immediate control of Victim, by use or threatened use of force, while armed with a deadly weapon. Section 30-16-2. At trial, Victim testified that she had her money

3

inside her boots, and Defendant produced a rifle, forcing her to remove the boots and surrender the money to him.

**{6}** Defendant elicited on cross-examination that Victim had previously described the incident somewhat differently, saying Defendant had already taken the money prior to threatening her with a deadly weapon. The jury, however, was free to weigh Victim's credibility; they could rationally have found that her testimony at trial was convincing despite the possible discrepancies Defendant highlighted on cross-examination. *See State v. Riggs*, 1992-NMSC-057, ¶ 17, 114 N.M. 358, 838 P.2d 975 (explaining that the jury determines questions of credibility and the weight to be given to evidence). The existence of conflicting evidence does not compel a finding that evidence was insufficient for conviction. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (determining that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lies).

**{7}** In this case, Victim's testimony adequately established the elements of the crime: she described that she had cash on her person, specifically within her boots, and that Defendant took that money from her by threatening her with a gun. Defendant's own testimony contradicted Victim's version, but "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to

4

reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Therefore, we defer to the jury's credibility assessment and conclude that there was sufficient evidence to uphold Defendant's conviction for armed robbery.

**B.     Jury Instructions Did Not Contain Fundamental Error**

{8}     Typically, a defendant is entitled to jury instructions on his theory of the case if evidence supports each instruction sought. *State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. The standard of review we apply when considering jury instructions depends on the preservation of the issue. If the issue has been preserved, we will review the instructions for reversible error, but if not, we review for fundamental error. *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. "Under both standards we seek to determine whether a reasonable juror would have been confused or misdirected by the jury instruction." *Id.* (internal quotation marks and citation omitted). We review jury instructions "as a whole, and not singly[.]" *State v. Parish*, 1994-NMSC-073, ¶ 4, 118 N.M. 39, 878 P.2d 988 (internal quotation marks and citation omitted).

{9}     Fundamental error such as requires reversal occurs "when a jury instruction fails to include an essential element of an offense or a defense to a charge, leaving the question of guilt so doubtful that it would shock the conscience to permit the verdict

5

to stand." *State v. Sosa*, 1997-NMSC-032, ¶ 24, 123 N.M. 564, 943 P.2d 1017; *see also State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

{10}	The jury instruction to which Defendant objects regards the elements of Count 2 (armed robbery). It requires the State to prove beyond a reasonable doubt the following:

1.	[D]efendant took and carried away U.S. Currency from [Victim] or from her immediate control intending to permanently deprive [Victim] of the U.S. Currency;

2.	[D]efendant was armed with a gun;

3.	[D]efendant took the U.S. Currency by force or violence or threatened force or violence;

4.	This happened in New Mexico on or about the 4th day of February, 2012.

{11}	Defendant claims that an affirmative defense, specifically defense of property, was available to him in this case. Defense counsel requested and obtained such an instruction with respect to the charge of aggravated assault, but did not ask for a comparable instruction regarding the armed robbery count. Defendant now argues that the lack of a specific instruction regarding defense of property pertaining to the armed

robbery count resulted in a "miscarriage of justice." Because the issue of inadequate jury instruction was not preserved, we must review it for fundamental error. *Benally*, 2001-NMSC-033, ¶ 12.

{12}    Defendant testified at trial that the money he took from Victim was his own, and he was simply recovering it from her. He denied, however, using a deadly weapon at any time. Prior to closing arguments, Defendant submitted a proposed jury instruction regarding defense of property, reiterating Defendant's claim that the money he took from Victim belonged to him, and therefore a defense of property instruction was appropriate. No mention of the specific counts to which defense of property might pertain was made by defense counsel.

{13}    Before submitting Defendant's proposed instruction, defense counsel informed the court that adding such an instruction could modify the other prepared instructions as well, and agreed to such alterations as necessary. The next day, the court noted that Count 3 (aggravated assault) had been so modified, and specified that defense's proposed instruction would be included in its entirety following the elements of Count 3.

{14}    The separate instruction on defense of property stated, "Evidence has been presented that [D]efendant acted while defending property." The instruction included the following factors for the jury's consideration:

1.      The $400 cash was property of [D]efendant;

2.      It appeared to [D]efendant that [Victim] was about to leave [D]efendant's residence in possession of the $400 cash and that it was necessary to threaten [Victim] with a rifle in order to stop her from stealing all of the $400 cash;

3.      [D]efendant used an amount of force that [D]efendant believed was reasonable and necessary to defend the property;

4.      A reasonable person in the same circumstances as [D]efendant would have acted as [D]efendant did.

Finally, it informed the jury that "[t]he burden is on the [S]tate to prove beyond a reasonable doubt that [D]efendant did not act in defense of the $400 cash. If you have a reasonable doubt as to whether [D]efendant acted in defense of property, you must find [D]efendant not guilty." Considering the instructions in their entirety, we note that the instruction regarding defense of property included no reference to any of the specific counts with which Defendant was charged; nor did it state that its application was exclusive to aggravated assault.

{15}      Though the court permitted Defendant to submit the above instruction, no substantive evidence had been presented to support it. The instruction given requires evidence that Defendant believed using his rifle was "reasonable and necessary" to defend his property. Rather, Defendant merely relied upon the testimony of his niece to justify the instruction; as the court characterized the testimony, "[Defendant] communicated to her that he used a weapon in order to retrieve back his money."

8

Defendant's niece, Maria Arcienega, actually testified that Defendant told her Victim had stolen money from him and that he "had threatened [Victim] verbally" but "had let her go by herself," without recovering any of his money. The witness was later impeached with an earlier unsworn statement in which she claimed Defendant told her "he threatened [Victim] with a rifle to scare her[.]" That evidence was not entered substantively. Defendant himself repeatedly denied ever using a weapon, so his testimony offered no basis for a defense of property instruction involving the use of a firearm.

{16} Even if Defendant was entitled to have defense of property included as an essential element of Count 2 (armed robbery), the absence of a specific instruction applying that defense did not amount to fundamental error. We review jury instructions for fundamental error to ensure that "injustice is not done." *Cunningham*, 2000-NMSC- 009, ¶ 12 (internal quotation marks and citation omitted). In *Cunningham*, the jury was given a proper instruction regarding self-defense, which included the statement: "If you have a reasonable doubt as to whether the defendant acted in self[-]defense you must find the defendant not guilty." *Id.* ¶ 14 (internal quotation marks omitted). However, the specific instruction on first-degree murder did not include any language regarding self-defense. *Id.* ¶ 9. The Supreme Court found that a reasonable jury would not have been confused by the instructions. *Id.* ¶ 14.

9

**{17}**    Similarly, in this case, Defendant was granted a complete and proper instruction on defense of property. That instruction contained broad language comparable to that in *Cunningham*: "If you have a reasonable doubt as to whether [D]efendant acted in defense of property, you must find [D]efendant not guilty." Thus, Defendant's conviction based on the facts in evidence did not "shock the conscience," *Sosa*, 1997-NMSC-032, ¶ 24, nor are the jury instructions in their totality "fundamentally unfair." *Barber*, 2004-NMSC-019, ¶ 17. Any error in the jury instructions gravitate in Defendant's favor, as he was afforded an instruction unsupported by evidence but which was to his benefit.

## C.    Defense Counsel Was Not Ineffective

**{18}**    To demonstrate ineffective assistance of counsel, a defendant must show that (1) "counsel's performance fell below that of a reasonably competent attorney," and (2) the defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The defendant bears the burden of proof with respect to both prongs, as counsel "is presumed competent." *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127. The appellate courts "will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted).

**{19}** Our review for ineffective assistance is limited to an evaluation of the facts within the record. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]" *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. Defendant may still pursue habeas remedies if he fails to establish a prima facie case here. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31.

**{20}** Defendant claims that defense counsel was ineffective because she did not obtain a defense of property instruction for Count 2 (armed robbery). On the same grounds, Defendant argues that counsel erred in failing to file a timely motion for new trial based on the absent instruction. Defendant must show that counsel was not only objectively unreasonable in failing to request and modify the instruction for Count 2, but that he was prejudiced by counsel's "unprofessional errors[.]" *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). Defendant has not made a prima facie showing in this case.

**{21}** As we discussed above, defense counsel did obtain a jury instruction regarding defense of property. This instruction was extensive and presented an interpretation of facts favorable to Defendant. Defense counsel modified Count 3 (aggravated assault) to incorporate the element of defense of property, but made no such specific change to the armed robbery count; as a result, Defendant argues that counsel "was aware of

11

the viability of such a defense" and her failure to request a modification for Count 2 (armed robbery) "was clearly an oversight[.]"

{22}     We are deferential to trial strategy in assessing ineffective assistance of counsel claims, even in cases in which such strategies fail. *State v. Gonzales*, 2007-NMSC-059, ¶ 15, 143 N.M. 25, 172 P.3d 162 (determining that defense counsel was not ineffective when he failed to request an instruction for imperfect self-defense because he instead claimed that the defendant was "innocent" (internal quotation marks omitted)). The counts of armed robbery and aggravated assault are distinguishable. *See State v. Armijo*, 2005-NMCA-010, ¶ 14, 136 N.M. 723, 104 P.3d 1114 (distinguishing armed robbery from assault). An attorney can approach each with a different strategy as she sees fit and here counsel's consistent strategy throughout trial was that Defendant had not used a gun and that Victim's testimony to the contrary could not be relied upon. If Defendant's attorney had elected not to request a defense of property instruction for any charge, such a decision would have been in keeping with that strategy and assumed to be reasonable. *See Gonzales*, 2007-NMSC-059, ¶ 15 (rejecting an ineffective assistance of counsel claim that was predicated on a critique of counsel's trial strategy).

{23}     Defendant never offered evidence or testimony that he believed he used a reasonable and necessary amount of force in defense of property by wielding a gun

against Victim. On the contrary, Defendant denied owning or using a gun at all. Consequently, defense counsel reasonably chose to emphasize Victim's credibility issues and Defendant's contradictory testimony that he had never used a gun against her; this strategy, which did not include a defense of property for the armed robbery, was tenable given the evidence presented at trial. *Id.* Nonetheless, the attorney also chose to include a request for defense of property for one charge, presumably in case the jury did not believe Defendant's depiction of events. And indeed, the jury rejected at least part of Defendant's story when it found unanimously that a firearm had been used in the commission of the armed robbery charged in Count 2.

{24} Defense counsel "is presumed competent," *Jacobs*, 2000-NMSC-026, ¶ 48, and it was Defendant's burden to demonstrate that defense counsel's performance fell below the standard of a "reasonably competent attorney." *Aker*, 2005-NMCA-063, ¶ 34. He has not met this burden. Counsel performed competently when she argued the theory of the case available to her based on Defendant's testimony and the testimony of his niece: that Defendant could not be guilty of armed robbery because he had not used or brandished a gun against Victim. We will not second-guess that theory although it ultimately failed to persuade the jury. *Gonzales*, 2007-NMSC-059, ¶ 15.

**CONCLUSION**

{25} For the reasons above, we affirm Defendant's conviction for armed robbery.

13

**{26}     IT IS SO ORDERED.**

 

                        _____

                        **J. MILES HANISEE, Judge**

**WE CONCUR:**

 

_____

**JAMES J. WECHSLER, Judge**

 

_____

**JONATHAN B. SUTIN, Judge**