This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 33,867**

**CANDELARIO PEDROZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Defendant Candelario Pedroza appeals his convictions for possession of a controlled substance and possession of drug paraphernalia, challenging the sufficiency of the evidence offered at trial and asserting that he was denied effective assistance of counsel. In particular, with regard to the sufficiency of the evidence, Defendant asserts that the State did not establish that "he had knowledge of the contraband" that was found concealed within an irrigation sprinkler head on the floor of a borrowed truck that Defendant had been driving. In addition, Defendant asserts that he was denied effective assistance of counsel. We affirm.

**SUFFICIENCY OF THE EVIDENCE**

{2}    With regard to the sufficiency of the trial evidence, this Court reviews to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. "A reviewing court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* "This [C]ourt does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Id.* Further, when assessing the sufficiency of the evidence to support a jury verdict, this Court analyzes the evidence

presented in the light of the instructions given to the jury defining the offenses charged. *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 (noting that "[j]ury instructions become the law of the case against which the sufficiency of the evidence is to be measured"). Of relevance to Defendant's contention on appeal, the jury at his trial was instructed with regard to the doctrine of constructive possession. *See* UJI 14-130 NMRA (defining "possession"). The jury was informed that:

> A person is in possession of methamphetamine or drug paraphernalia when he knows it is on his person or in his presence, and he exercises control over it.

> Even if the methamphetamine or drug paraphernalia is not in his physical presence, he is in possession if he knows where it is, and he exercises control over it.

> Two or more people can have possession of a substance at the same time.

> A person's presence in the vicinity of the substance or his knowledge of the existence or the location of the substance, is not, by itself, possession.

{3}     The facts as presented at trial are not in dispute. Officer Rodney Scharmack of the Alamogordo Police Department received a tip from a reliable confidential informant that a probationer possessed methamphetamine and that the probationer would be at his apartment with an Hispanic male driving a Ford F-150 pick-up truck. As Officer Scharmack approached the apartment with the probationer's probation

3

officers, he observed an Hispanic male standing in the open door of a silver F-150 pick-up truck. The man, Defendant, closed the door and began walking to the probationer's apartment. Inside the apartment, the probation officers conducted a probation search. Officer Scharmack asked Defendant what he was doing standing in the door of the truck, and Defendant denied that he was the person standing at the truck. With Defendant's permission, Officer Scharmack patted Defendant down and found gun cartridges. Officer Scharmack then detained Defendant.

{4} During the pat-down, Defendant informed Officer Scharmack that the Ford F-150 pick-up truck was not his truck. Officer Scharmack observed a set of keys attached to Defendant's belt loop, but Defendant denied that they belonged to the truck that was outside. Defendant gave Officer Scharmack permission to see if the keys worked on the truck, and Officer Sharmack was able to unlock the door. Defendant then told Officer Scharmack that the truck belonged to a friend who lived in Ruidoso, New Mexico. Defendant did not know his name or how to contact him. Defendant ultimately told Officer Scharmack that he was the person standing next to the truck earlier.

{5} A drug sniffing dog requested by the probation officers did not locate any drugs in the apartment but alerted to the truck. Officer Scharmack obtained a warrant to search the truck. On the floorboard next to the center console, beneath a shirt, he

found a sprinkler head, a loaded gun, and six rounds of the same cartridges he found in Defendant's pocket in the apartment. He also found thirty-three rounds of the same cartridges in a box in the driver's side door pocket. Inside the sprinkler head, there was a bag of methamphetamine and drug paraphernalia.

{6} On appeal, Defendant cites *State v. Garcia* for the proposition that possession cannot be based upon mere proximity and that an appellate court "must be able to articulate a reasonable analysis that the fact-finder might have used to determine knowledge and control." 2005-NMSC-017, ¶ 13, 138 N.M. 1, 116 P.3d 72 (alteration, internal quotation marks, and citation omitted). In this case, however, Defendant's behavior prior to the search of the truck provides ample basis for the jury to have determined he had knowledge of and control over the contraband.

{7} The evidence at trial was that, until confronted with the fact that a key in his possession fit the lock of the truck in which the contraband was found, Defendant consistently, repeatedly, and dishonestly denied any connection with that truck. Such evidence would suggest to a reasonable person that Defendant knew something that made him want to disassociate himself from that truck, and a jury may reasonably infer from such conduct that Defendant was aware of the contraband in the truck. *See State v. Martinez*, 2002-NMCA-043, ¶ 17, 132 N.M. 101, 45 P.3d 41 (noting that a jury may interpret a defendant's dishonesty with law enforcement officers "as

evincing a consciousness of guilt"); *see also State v. Faubion*, 1998-NMCA-095, ¶ 13, 125 N.M. 670, 964 P.2d 834 (describing lies to the police as evidence of consciousness of guilt).

{8}     Defendant also asserts that the State failed to establish his exclusive control over the truck, citing to *State v. Maes*, 2007-NMCA-089, ¶¶ 14-22, 142 N.M. 276, 164 P.3d 975. Defendant does not base this assertion on there having been anyone else present who had any actual access to the interior of the truck or any actual control over the truck; instead, he merely points out that the State offered no evidence regarding ownership of the truck. And, as noted above, there was evidence that Defendant at one point claimed that the truck was borrowed from an unknown person. However, the State did offer evidence that the truck was locked and that Defendant had the key. The matching gun cartridges found on the floorboard and driver's side door pocket of the truck provide additional evidence of control over the truck.

{9}     To the extent that exclusive control of the truck is at issue in this case, our appellate opinions hold that "the mere presence of the contraband is not enough to support an inference of constructive possession" in the absence of exclusive control of the area where drugs are found. *State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421. Instead, "[a]dditional circumstances or incriminating statements are required" and "[t]he accused's own conduct may afford sufficient additional

6

circumstances for constructive possession." *Id.*; *see also State v. Morales*, 2002-NMCA-052, ¶ 28, 132 N.M. 146, 45 P.3d 406 (noting that "[w]hen an accused is not in exclusive possession of the place in which the illegal substance is found, the [s]tate is required to prove that the accused knew the substance was there and that he exercised control over it"), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

{10} As discussed above, the State offered ample evidence regarding Defendant's behavior leading up to the discovery of contraband in the truck. Given the evidence presented, the jury was entitled to treat Defendant's contradictory statements regarding his connection to and control over the truck as incriminating statements that sufficiently established his further knowledge of and control over the contents eventually found in the truck, including the sprinkler head containing the contraband and drug paraphernalia.

{11} In sum, Defendant's convictions are supported by evidence that methamphetamine and a glass pipe were found in a truck that he had been driving. The evidence supported the jury's finding that Defendant had knowledge and control over the truck's illegal contents. Defendant, who had the key to that truck, had sole access to the interior of the truck and possessed matching gun cartridges to those found inside

the truck. Defendant's own conduct prior to law enforcement's discovery of the contraband further supported the jury's finding.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

{12}     Defendant also asserts a claim of ineffective assistance of counsel. On appeal, Defendant bears the burden of establishing a prima facie case of ineffective assistance of counsel. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. To do so, Defendant must demonstrate that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22.

{13}     Defendant bases his claim of ineffective assistance of counsel on the limited contact between himself and his attorney. However, Defendant fails to demonstrate how more contact would have strengthened his defense or led to a different result. This is a fatal deficiency. *See State v. Martinez*, 2007-NMCA-160, ¶¶ 20, 23, 143 N.M. 96, 173 P.3d 18 (rejecting a claim of ineffective assistance of counsel where the defendant provided no specifics as to how his defense would have been strengthened by more preparation). We therefore reject Defendant's claim of ineffective assistance of counsel, without prejudice or preclusive effect as to any habeas corpus proceedings Defendant may bring in the future. *See generally State v. Gonzales*, 2007-NMSC-059,

¶ 16, 143 N.M. 25, 172 P.3d 162 ("While [the d]efendant has failed to establish a prima facie case of ineffective assistance of counsel, [the d]efendant can still pursue habeas proceedings on this issue.").

**CONCLUSION**

{14}    We affirm Defendant's convictions.

{15}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**