This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                              **NO. A-1-CA-36540**

**BENNY PATRICK ROMERO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant has appealed his conviction for receiving or transferring a stolen motor vehicle. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we affirm.

{2}     We will begin our discussion with the motion to amend, by which Defendant seeks to advance two new issues. As described at greater length below, we conclude that neither is viable. We therefore deny the motion.

{3}     First, Defendant contends that he was improperly sentenced, based upon the district court's determination that this is a second offense. [MIO 8-10] The argument is premised upon Defendant's recollection of a statement to the effect that his prior conviction would be dismissed upon successful completion of a drug court program. [MIO 9] However, the record before us contains nothing to support Defendant's assertion. [MIO 9] As a result, we will not consider the matter further. *See generally State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review.").

{4}     Second, Defendant seeks to advance a claim of ineffective assistance of counsel, based upon an alleged disagreement about a potential witness for whom a continuance would have been required. [MIO 10-12] Once again, we reject the claim because the record before us is patently insufficient either to establish that counsel's

2

course of conduct was unreasonable, or that the defense was prejudiced. *See, e.g.*, *State v. Samora*, 2013-NMSC-038, ¶ 23, 307 P.3d 328 (rejecting a claim of ineffective assistance based upon counsel's failure to obtain a continuance where the defendant did not reference anything in the record that supported it); *State v. Gonzalez*, 2007-NMSC-059, ¶ 15, 143 N.M. 25, 172 P.3d 162 (rejecting a claim of ineffective assistance of counsel based upon failure to obtain a continuance to pursue a missing witness where the record suggested a strategic basis for counsel's course of action); *State v. Bahney*, 2012-NMCA-039, ¶¶ 48-49, 274 P.3d 134 (rejecting a claim of ineffective assistance of counsel based upon failure to call a witness, where the record was insufficient to establish either unreasonable conduct or prejudice to the defense). However, we reach this conclusion without prejudice to Defendant's right to make an adequate record and seek relief in the context of a post-conviction habeas corpus proceeding. *See Gonzales*, 2007-NMSC-059, ¶ 16.

{5} We turn next to the issue originally raised in the docketing statement and renewed in the memorandum in opposition. Defendant continues to argue that the district court erred when it allowed a variance between the indictment, which identified Tanisha Medina as the owner of the stolen vehicle, and the evidence presented at trial, in the course of which the State called Jonah Quinones to testify as a co-owner of the vehicle. [MIO 2-7] As we previously observed, the indictment clearly identified the charge, the vehicle involved, the date of the incident, and one of

the co-owners. Moreover, Defendant does not dispute that he was informed prior to trial that Jonah Quinones was a co-owner of the vehicle, or that Mr. Quinones was interviewed by the defense. [DS 4; CN 4] Under the circumstances, we conclude that Defendant had sufficient notice. *See generally State v. Stevens*, 2014-NMSC-011, ¶ 50, 323 P.3d 901 (observing that an indictment "need not contain exacting detail as long as the defendant is given sufficient notice of the charges").

{6}    In his memorandum in opposition Defendant contends that the variance prejudiced his defense, because he was "precluded from asking Ms. Medina whether she gave [Defendant] permission (directly or indirectly) to drive the car, and precluded from asking her other questions." [MIO 3] Be that as it may, nothing in the record before us reflects that Ms. Medina would have supplied favorable testimony to the defense. To the contrary, insofar as her testimony before the grand jury contributed to the finding of probable cause, [MIO 4] we assume that her testimony at trial would have been similarly unfavorable to the defense. In any event, if Defendant believed that she would have supplied favorable testimony, he was at liberty to identify her as a witness and compel her to testify at trial. *See generally* Rule 5-119 NMRA; Rule 5-511 NMRA. His failure to do so undermines his claim of prejudice. We therefore reject Defendant's assertion of error. *See generally* Rule 5-204(C) NMRA (providing that no variance between the allegations of an indictment and the evidence ultimately

4

offered at trial shall be grounds for acquittal "unless such variance prejudices substantial rights of the defendant").

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{8}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**HENRY M. BOHNHOFF, Judge**


_____

**EMIL J. KIEHNE, Judge**