This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37964**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BAILON MELVIN SALAZAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Aja Oishi, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant, Bailon Melvin Salazar, appeals his convictions for aggravated battery and aggravated assault. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition and motion to amend the docketing statement. We remain unpersuaded that our initial proposed disposition was incorrect. Additionally, Defendant has not raised a viable issue in his motion to amend the docketing statement. We therefore deny the motion to amend and affirm.

**{2}**     Defendant continues to argue that the evidence was insufficient to support his convictions. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). We view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We will not substitute our judgment for that of the factfinder, nor will we reweigh the evidence." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{3}**     In his memorandum in opposition, Defendant continues to argue that the evidence was insufficient to establish his identity as the shooter because police did not recover shell casings or a firearm, and they failed to conduct ballistics testing. [MIO 19] However, as we explained in our notice of proposed summary disposition, Defendant's identity was sufficiently established in this case by the testimony by the victim, Ernest Gunnell, who testified that he was shot in his knee as he stood on Defendant's porch and that he saw Defendant coming towards him brandishing a firearm and ordering Mr. Gunnell off Defendant's property. [unnumbered DS 1; RP 125] *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779  (recognizing as a general rule that the testimony of a single witness is sufficient evidence for a conviction).

**{4}**     Defendant also argues, pursuant to a motion to amend the docketing statement, that he received ineffective assistance of counsel in this matter. [MIO 11-19] In order to establish ineffective assistance of counsel, a defendant must show that: "(1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134. The burden is on the defendant to show both incompetence and prejudice. *State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. "We review claims of ineffective assistance of counsel de novo." *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44.

**{5}**     Defendant first argues that he was denied ineffective assistance of counsel when his attorney failed to investigate affirmative defenses that were apparent from the police reports and then failed to subpoena and call witnesses at trial to establish the elements of those offenses. [MIO 11-15] Defendant relies on statements made by two witnesses who told police that Mr. Gunnell came to the house uninvited and then pounded on the door, yelling and cursing in a manner that caused the witnesses to believe Mr. Gunnell had violent intentions. [MIO 12; RP 37-41] Defendant argues that, had counsel pursued this line of inquiry and called the witnesses at trial, he could have established the affirmative defense of defense of habitation and defense of another. [MIO 12]

**{6}**     We cannot say, however, that counsel's failure to seek to establish these defenses constituted deficient performance or that such failure cannot be explained by a plausible rational strategy. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 26, 130 N.M. 198,

22 P.3d 666 (stating that a prima facie case of ineffective assistance of counsel will not be found where there is a plausible, rational strategy, or tactic to explain trial counsel's conduct). Based on our review of the tape logs contained in the record proper, trial counsel's strategy at trial was to point out discrepancies in prior statements provided by Mr. Gunnell and his trial testimony identifying Defendant, as well as the lack of corroborating physical evidence in an effort to establish a reasonable doubt as to whether Defendant was the person who fired a gun at Mr. Gunnell. Trial counsel also sought to establish the evidence was consistent with the other persons presence at the residence being the shooter. [RP 121, 123, 126-127, 130-131, 134] Such a defense is inconsistent with a theory that Defendant shot Mr. Gunnell justifiably in defense of his home or other persons. *See* UJI 14-5182 NMRA (setting out the elements of defense of another involving non-deadly force); UJI 14-5180 NMRA (setting out the elements of defense of property involving non-deadly force). Trial counsel could reasonably have determined that presenting conflicting defense theories would be harmful to the defense case. *See State v. Dickert*, 2012-NMCA-004, ¶ 29, 268 P.3d 515 ("[A] criminal defendant who presents a jury with two totally inconsistent defenses must accept the potential peril of doing so."); *see also State v. Gonzales*, 2007-NMSC-059, ¶¶ 13-16, 143 N.M. 25, 172 P.3d 162 (rejecting a claim of ineffective assistance of counsel based on counsel's failure to offer a defense that "would have been in direct conflict with the defense trial strategy of maintaining [the d]efendant's innocence").

**{7}** We further note that the fact that the trial defense was unsuccessful and another defense may have existed does not require a finding of ineffective assistance of counsel. *See State v. Hester*, 1999-NMSC-020, ¶ 16, 127 N.M. 218, 979 P.2d 729 ("The mere fact that the defense was not successful does not equate to a finding of ineffective assistance of counsel.").

**{8}** Defendant also argues that trial counsel's conduct fell below that of a reasonably competent attorney because he introduced prejudicial evidence regarding a prior uncharged act in which Defendant allegedly engaged in a violent attack on Mr. Gunnell and then failed to impeach Mr. Gunnell's version of events. [MIO 15-17] Defendant argues that this evidence had no probative value and only served to imply to the jury that he was a dangerous person with a propensity for violence. [MIO 15-16]

**{9}** However, the record is not clear as to whether this evidence was deliberately elicited by defense counsel or volunteered by the witness during his testimony. [RP 127] However, even assuming trial counsel deliberately elicited this testimony, we cannot say, on this record, that this could not be explained by a rational, plausible trial strategy. The record reflects that defense counsel used this evidence to argue that Mr. Gunnell had a motive to lie and identify Defendant as the shooter, while highlighting inconsistencies in Mr. Gunnell's prior statements to police and his trial testimony regarding whether Defendant was the shooter. [RP 134-135] *See State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 ("[I]f on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance.").

**{10}** For these reasons, Defendant has not established a prima facie case of ineffective assistance of counsel on appeal, and we therefore deny the motion to amend the docketing statement. However, despite Defendant's failure to establish a prima facie case of ineffective assistance of counsel on direct appeal, he may nevertheless pursue habeas proceedings on this issue. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

## CONCLUSION

**{11}** For these reasons, we affirm Defendant's convictions.

**{12}** **IT IS SO ORDERED**.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**