This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37783**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**LIBBY ROBERTS,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Eran S. Sharon, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Victor E. Sanchez, Jr., Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals her convictions for possession of stolen property and conspiracy to commit possession of stolen property. We issued a first calendar notice proposing summary affirmance, and Defendant responded with a timely memorandum in opposition and motion to amend the docketing statement, pursuant to which she argued that her right to be free from double jeopardy was violated because her convictions were based on unitary conduct. We then issued a second calendar notice

proposing summary affirmance in part and summary reversal in part. The State has responded that it does not intend to file a memorandum in opposition to our proposed reversal of Defendant's conviction for conspiracy to commit stolen property on double jeopardy grounds.

**{2}** Defendant's remaining issue is that the district court erred in not granting a mistrial after the prosecutor made an improper closing argument. Specifically, Defendant argues that the prosecutor's reference to "Occam's razor" or "the law of parsimony," which states that between two possible alternatives, the simplest answer is correct, was improper because it misstated the State's burden of proof. [DS 5; MIO 20-21] Where the claimed error is preserved, as here, "[w]e review a [district] court's denial of a motion for mistrial on the basis of remarks made in closing argument for an abuse of discretion." *State v. Fry*, 2006-NMSC-001, ¶ 50, 138 N.M. 700, 126 P.3d 516; *State v. Reynolds*, 1990-NMCA-122, ¶ 12, 111 N.M. 263, 804 P.2d 1082 ("Because the [district court] judge's observations of the proceedings are such a critical factor in determining whether the fairness of the trial will be affected, appellate courts review such rulings only for abuse of discretion."). "The question on appeal is whether the argument served to deprive [the] defendant of a fair trial." *State v. Chamberlain*, 1991-NMSC-094, ¶ 26, 112 N.M. 723, 819 P.2d 673; *see also State v. Brown*, 1997-NMSC-029, ¶ 23, 123 N.M. 413, 941 P.2d 494 ("Where it is alleged that improper prosecutorial comments have been made in closing argument, the question is whether the comments deprive the defendant of a fair trial."). "In order to answer this question, we review the comment in context with the closing argument as a whole and in the context of the remaining trial proceedings 'so that we may gain a full understanding of the comments and their potential effect on the jury.' " *Fry*, 2006-NMSC-001, ¶ 50 (quoting *State v. Armendarez*, 1992-NMSC-012, ¶ 10, 113 N.M. 335, 825 P.2d 1245).

**{3}** We reject Defendant's argument. The record before this Court does not establish, within the context of the prosecutor's entire closing argument and the argument of defense counsel, that the reference to Occam's razor was error rising to the level of a mistrial. Additionally, even assuming that the reference to Occam's razor was improper, nothing in the record provided to this Court establishes that it was reversible error, because the record does not show, in the context of the entire closing argument, the trial evidence, any remarks by the district court judge, or the remaining trial proceedings, that the verdict was based on passion or prejudice or that Defendant was otherwise deprived of a fair trial. *See Fry*, 2006-NMRA-001, ¶ 51 (considering the prosecutor's improper remark in the context of the overwhelming evidence of guilt, the district court's comments to the jury, and the substance of the prosecutor's remark to determine that the verdict was not based on passion or prejudice and the defendant was not otherwise deprived of a fair trial). Moreover, "[t]he general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal." *Brown*, 1997-NMSC-029, ¶ 23.

**{4}** We further note that the jury was given UJI 14-5060 NMRA, which instructs the jury as to the State's burden of proof beyond a reasonable doubt in a criminal trial. [RP 85] "We presume that the jury followed the instructions given by the trial court, not the

arguments presented by counsel." *State v. Benally*, 2001-NMSC-033, ¶ 21, 131 N.M. 258, 34 P.3d 1134; *see also State v. Baca*, 1997-NMSC-045, ¶ 45, 124 N.M. 55, 946 P.2d 1066 ("[W]e are not willing to assume that the jury took the comment during closing and applied it as the law governing the case, ignoring the instructions given by the court."), *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783.

**{5}** Under these circumstances, the record does not establish any abuse of discretion in the district court's refusal to grant a mistrial, and we reject this assertion of error. We therefore affirm Defendant's conviction for possession of stolen property. Defendant's conviction for conspiracy to commit possession of stolen property is reversed, and we remand this case to the district court with instructions to vacate the conviction. *See State v. Gonzales*, 2007-NMSC-059, ¶ 10, 143 N.M. 25, 172 P.3d 162 ("If double jeopardy is violated, we must vacate the conviction for the lesser offense.").

**{6}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JULIE J. VARGAS, Judge**