This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39860**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LAURA RIVERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals from her convictions for aggravated driving while intoxicated, improper display of registration plate, and operation of vehicle on approach of an emergency vehicle. This Court issued a calendar notice proposing to summarily affirm. Defendant filed a motion to amend the docketing statement and memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant seeks to raise a new argument by virtue of her motion to amend, that Defendant's motion to suppress was improperly denied by the district court because Officer Santillan (the officer) did not have reasonable suspicion to conduct an

investigatory stop for a "dim/faulty" tail lamp. [MIO 7] In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to a showing of good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42.

{3}     Defendant argues that there was no reasonable suspicion for the officer to stop Defendant because while the officer testified at the suppression hearing that "he conducted the investigatory stop because of the expired registration," he also "recanted his testimony at trial and stated that he stopped [Defendant] due [to a] dim/faulty tail lamp." [MIO 9] Defendant specifically states that at trial, the officer "did not provide testimony at trial that he conducted the initial stop because [Defendant]'s registration was expired." [Id.] Defendant asserts that there was no ongoing criminal activity upon which the officer could base the stop given the Supreme Court's holding in *State v. Farish*, 2021-NMSC-030, ¶ 16, 499 P.3d 622, that a vehicle's equipment is in good working order when it is "suitable or functioning for the intended use." *Id.* ¶¶ 15-18 (stating that " 'good working order' does not require equipment to function one hundred percent perfectly if it is suitable or functioning for its intended use"). Defendant also argues that this case should be assigned to the general calendar for resolution because there is a conflict in the officer's testimony at the suppression hearing and at trial. [MIO 10]

{4}     We deny Defendant's motion to amend the docketing statement because her newly raised issue is not viable. There was reasonable suspicion for the officer to stop Defendant according to the testimony provided by the officer at the suppression hearing that Defendant had an expired registration and a dim/faulty tail light. *See State v. Olson*, 2012-NMSC-035, ¶ 12, 285 P.3d 1066 (holding that an officer lawfully initiated a traffic stop because the defendant was driving with an expired registration). Whether the officer testified to the expired registration at trial is inconsequential because the issue of reasonable suspicion was not at issue at trial. To the extent Defendant contends that this case should be assigned to the general calendar because the officer "recanted" his testimony regarding the expired registration, we are not persuaded. Simply because the officer did not testify about the expired registration at trial does not mean that he withdrew his prior testimony. *See Recant, Black's Law Dictionary* (11th ed. 2019) ("To withdraw or renounce (prior statements or testimony) formally or publicly[.]").

{5}     Defendant also continues to assert that her trial attorney was ineffective and asks this Court to assign this case to the general calendar in order to fully brief the issue. [MIO 10] Defendant argues that her counsel's failure to request a jury instruction to disregard inadmissible evidence was not a rational trial strategy. [MIO 12] We are deferential to trial strategy in assessing ineffective assistance of counsel claims, even in

cases in which such strategies fail. *See State v. Gonzales*, 2007-NMSC-059, ¶ 15, 143 N.M. 25, 172 P.3d 162 (determining that defense counsel was not ineffective when he failed to request an instruction for imperfect self-defense because he instead claimed that the defendant was innocent); *see also State v. Hester*, 1999-NMSC-020, ¶ 16, 127 N.M. 218, 979 P.2d 729 ("The mere fact that the defense was not successful does not equate to a finding of ineffective assistance of counsel."). Not wanting to draw the jury's attention to the inadmissible evidence presented through the officer's lapel footage was a valid trial strategy and "any 'sound' trial tactic or strategy withstands review." *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057. Here, Defendant has failed to overcome the presumption that her trial counsel's action was a sound trial strategy. *See State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (stating that this Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and a defendant must overcome the presumption that the challenged action might be considered sound trial strategy).

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**